BETTS v. BETTS.   (No. 6581.)

(Supreme Court, Appellate Division, First Department.   December 31, 1914.)

JUDGMENT (§ 143*)—SETTING ASIDE DEFAULT—EXCUSE.

Where an attorney had advised defendant that the service of summons upon her was defective and that she need not appear in the action, and refused her request that he file an answer for her, and as soon as a default judgment had been taken against her defendant employed another attorney who promptly moved to set the default aside, alleging a meritorious defense, the motion should be granted.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 269, 270, 272–291; Dec. Dig. § 143.*]

Appeal from Special Term, New York County.

Action by Percy De M. Betts against Emma Maria Betts. From an order denying a motion to vacate an interlocutory judgment on default, defendant appeals. Reversed, and motion granted.

See, also, 151 N. Y. Supp. ——.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and HOTCHKISS, JJ.

Alfred D. Olena, of New York City, for appellant.
Reid L. Carr, of New York City, for respondent.

McLAUGHLIN, J.   This action was brought to procure a judgment annulling a marriage contract upon the ground that when the

same was entered into the defendant was prohibited by a judgment in another action from again marrying. The summons was served in the city of New York upon the defendant by publication, notwithstanding she was at that time in such city. As soon as the matter was brought to her attention, and while she had a right to appear in the action, she consulted an attorney, who advised her it was unnecessary to appear; that the service was defective; and that the court by reason of that fact could not obtain jurisdiction. · On the last day in which she had a right to appear and interpose an answer, she again consulted the same attorney and asked him to appear and put in an answer, which he declined to do, insisting she should not appear in the action. An interlocutory judgment having been entered adjudging that the plaintiff, after the expiration of three months, would be entitled to a final judgment annulling the marriage, she consulted another attorney and, upon his advice, made a motion to vacate the interlocutory judgment, excuse her default, and interpose an answer. The motion was denied, and she appeals.

I think the motion should have been granted. The defendant insists she has a good defense to the action, and as soon as its commencement was called to her attention she manifested a desire to defend, and would have done so except for the advice of the attorney whom she consulted. She was badly advised, and as soon as she ascertained that fact she consulted another attorney, who promptly applied to the court to excuse her default and permit her to interpose an answer. No reason whatever is suggested in the papers used in opposition to the motion why she should not be afforded an opportunity to defend the action if she so desires.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.