### BETTS v. BETTS. (No. 6884.)

(Supreme Court, Appellate Division, First Department. February 19, 1915.)

JUDGMENT (§ 619*)—SETTING ASIDE DEFAULT.

 A default interlocutory judgment, annulling a marriage on the ground that, when the marriage was entered into, defendant was prohibited by a judgment from marrying, will not be set aside, where she had had, in a prior action, an opportunity to establish the identical defense sought to be interposed in the present action, and, when presented in the prior action, she conceded that she could not establish it.

 [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1132, 1667; Dec. Dig. § 619.*]

On reargument. Granted, former order reversed, and order appealed from affirmed.

For former opinion, see 150 N. Y. Supp. 946. See, also, 151 N. Y. Supp. ——.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

McLAUGHLIN, J. This action was brought to procure a judgment adjudging a marriage between the parties to be void, on the ground that when the contract was entered into the defendant was, by a decree of the court, prohibited from remarrying. The defendant made default in pleading, and an interlocutory judgment was entered, adjudging that at the expiration of three months, unless the court otherwise ordered, the plaintiff would be entitled to the relief prayed for in the complaint. A few days before the expiration of the three months, the defendant made a motion to vacate the interlocutory judgment, excuse her default in pleading, and permit her to interpose

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

an answer setting up a marriage in New Jersey. The motion was denied, and she appealed. After a consideration of the appeal, the court was of the opinion, notwithstanding defendant's delay in moving to excuse her default, that she ought to have an opportunity of presenting her alleged defense. The order was therefore reversed, and such leave given.

Plaintiff then moved for a reargument of the appeal, upon the ground, among others, that the court had overlooked certain facts which established that her application was not made in good faith. A reargument was ordered, and a further consideration of the record does show that the plaintiff's contention is correct. Prior to the commencement of this action the defendant brought an action in this court for a separation, alleging that she was married to the present plaintiff in the state of New York. An answer was interposed, alleging that at the time the marriage took place the plaintiff in that action was prohibited by a decree of the Supreme Court of the state of New York from again marrying during the life of a husband who had procured a decree of divorce from her. After that answer was interposed, an amended complaint was served, which alleged that the marriage took place in the state of New Jersey. An answer was then interposed to the amended complaint, which denied that a marriage had taken place in New Jersey. After issue was joined, the defendant moved for a bill of particulars of the New Jersey marriage. Plaintiff then moved for leave to withdraw the amended, and substitute the original, complaint in its place, or for leave to discontinue the action upon the ground, according to an affidavit of her attorney, that the plaintiff would be—

"unable to establish said marriage in a court of law for lack of proof; * * * that * * * it would be impossible to serve said bill of particulars, and, being unable to furnish proof of the New Jersey marriage, plaintiff cannot proceed upon that cause of action."

It thus appears that defendant has had an opportunity to establish the identical defense which she now seeks to interpose in this action, and, when it was presented, she conceded she could not do so, and abandoned such claim. Under these circumstances, the motion to vacate the interlocutory judgment and permit defendant to interpose a defense was properly denied, and for that reason the order appealed from should be affirmed, without costs. All concur.